FILED
SUPERIOR COURT
OF GUAM

2022 JAN -3 PM 3: 34

CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                        Plaintiff,<br><br>    vs.<br><br>LUCIAN MARATITA GEORGE,<br><br>                     Defendant. | Case No. CF0182-21<br><br>**DECISION AND ORDER ON DEFENDANT'S MOTION TO SEVER COUNTS FOR TRIAL** |

## INTRODUCTION

This came matter came before the Honorable Alberto E. Tolentino on November 4, 2021, following a motion hearing on Lucian Maratita George's ("Defendant") Motion to Sever Counts for Trial, which was initially filed on October 5, 2021. Heather M. Zona represents Defendant. Katherine M. Nepton represents the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

On April 6, 2021, Guam Police Department ("GPD") received a report of a burglary at Jesse Lizama Sablan's ("Sablan") residence in Dededo. Mag. Complaint at 4, Apr. 9, 2021. The report included the following description of the items missing: an iPad, black skill saw, brown power drills, ball-peen hammer, a box containing a commendation medal, and various

prescribed medications. *Id.* On April 8, 2021, a GPD Officer responded to a report of a burglary in the Dededo area. *Id.* Rose Lee Ann Mathiot ("Mathiot") informed the GPD Officer that on April 7, 2021, she received a text from her ex-husband that a male was seen stealing items from her residence. *Id.* The text included a photo of the male in front of a green sedan. *Id.* On April 8, 2021, GPD Officers reported to a residence in Dededo. *Id.* Jacob P. Iriarte ("Iriarte") told the GPD Officers that he spotted a green sedan parked next to his storage shed. *Id.* After spotting the green sedan, he checked on his storage shed and discovered a male inside. *Id.* The male inside the shed informed Iriarte that he was looking for a chicken coop. *Id.* Iriarte took a picture of the male and his green sedan before telling him to leave. *Id.* The male left. *Id.* Iriarte gave the picture to GPD Officers, who identified the green sedan as registered to Defendant. *Id.* They also recognized the male in the photo from previous encounters as Defendant. *Id.* GPD Officers located Defendant in the green sedan. *Id.* Upon asking Defendant to open the trunk, GPD Officers discovered the items Sablan reported stolen from his residence. *Id.* GPD Officers also discovered the items belonging to Mathiot in the backseat of the green sedan. *Id.*

On April 15, 2021 a Grand Jury indicted Defendant with the following charges: (1) Burglary (As a Second Degree Felony) (two counts); (2) Theft of Property (As a Second Degree Felony); and (3) Theft by Receiving (As a Second Degree Felony). Indictment, Apr. 15, 2021. Defendant subsequently filed a motion to sever counts for trial. Def.'s Mot. to Sever Counts for Trial (hereinafter "Def.'s Mot."), Oct. 5, 2021. The People do not oppose Defendant's motion. People's Resp. to Def.'s Motion to Sever, Oct. 26, 2021. The Court held a motion hearing and took the parties' arguments under advisement on November 4, 2021. Minute Entry, Nov. 4, 2021.

## DISCUSSION

Under Guam law, the Court may order separate trials for counts included on one indictment if it appears that the joinder of offenses prejudices the government or defendant. 8 GCA § 65.35. Rule 14 of the Federal Rules of Criminal Procedure similarly allows for severance in federal criminal matters when joinder prejudices the defendant or government. Fed. R. Crim. P. 14. Thus, the Court may look to federal cases interpreting Rule 14 to determine if Defendant demonstrated sufficient prejudice to warrant severance of the charges against him. *See Sumitomo Constr. Co. v. Zhang Ye, Inc.*, 1997 Guam 8 ¶ 17 (reasoning that when a legislature adopts an identical or similar statute to one in effect in another jurisdiction, there is a presumption that the adopting jurisdiction applies the construction of the originating jurisdiction).

Defendant argues that a fair trial requires severance because the alleged acts occurred on different dates, at different locations, with different accusers, and are different charges. Def.'s Mot. at 1. Guam law expressly provides that ". . .a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the prosecuting attorney at the time of the commencement of the first trial." 8 GCA § 65.30(b). As there are no Supreme Court of Guam cases on this point, the Court looks to federal law. "In determining whether counts are properly combined for trial, we historically have considered whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *U.S. v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995).

In *United States v. Gray*, the First Circuit found joinder was proper when the defendant committed multiple robberies of federally insured banks in the greater Boston area within a

ten-week time period. *United States v. Gray*, 964 F.2d 1250, 1251 (1st Cir. 1992). In this case, the Grand Jury charged Defendant under three felony statutes prohibiting theft of another's property. The Court holds that the similarity of those three statutes indicates the offenses are of the same conduct. Likewise, the three victims were all occupants of homes in the Dededo area. Mag. Complaint at 4. Defendant's *modus operandi* was almost identical in each crime—he broke into residences and placed the stolen property in his green sedan. Lastly, the crimes occurred over a span of three days. *Id.* Accordingly, the Court finds all counts arose from the same criminal episode.

Defendant contends that allowing a trial on all counts would sanction the People's use of character evidence to convict Defendant. *Id.* When evidence of one crime would be probative and admissible in a separate trial on another crime, "the defendant does not suffer any prejudice when the two crimes are tried together." *U.S. v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980). The Court acknowledges the importance of ensuring the People do not offer character evidence in violation of GRE 404(b)(1). However, the Court notes that even if the Court were to grant Defendant's motion, the other counts of the Indictment are admissible for other purposes—such as plan and motive. GRE 404(b)(2). The Court does not find that severance of the counts prevents the People from admitting the other counts as evidence at trial, and consequently, there is no prejudice from one trial.

Defendant argues that the jury will not be able to compartmentalize the evidence between the charges. Def's Mot. at 4. Defendant further argues that the evidence will confuse and enflame the jury in violation of GRE 403. Def.'s Mot at 3. Yet, Defendant has not addressed whether a limiting instruction can cure any potential prejudice if one trial is held on all counts. Jury instructions that the jury is obligated to consider each count separately generally prevent a finding of prejudice. *U.S. v. Jawara*, 474 F.3d 565, 580 (9th Cir. 2007).

The jury will be able to separate evidence of each count and determine the Defendant's guilt or innocence as to each count. Additionally, the Court is prepared to instruct the jurors on their duty to weigh the evidence presented for each count, and further that they may not use a finding of guilt on one of the counts as the basis for a guilty verdict on another count. Accordingly, the Court further finds that severance of counts is unnecessary given the Court's ability to instruct the jurors on their duty as to each count.

Defendant asserts that failure to sever the charges will require Defendant to violate his right against self-incrimination if he wishes to testify to one count but not to another count. Def.'s Mot. at 4. Defendant cites *Cross v. United States*, which states that joinder of counts prejudices a defendant who wishes to testify as to one count but not another count. *Cross v. United States*, 335 F.2d 987 (D.C. Cir. 1964). Defendant is correct that the privilege against self-incrimination is one of the "most precious rights of a person accused of a crime." Def.'s Mot. at 4. However, *Cross v. United States* does not state the proposition that failing to sever counts for trial is a violation of the Fifth Amendment. *Cross v. United States*, 335 F.2d 987 (D.C. 1964). Rather, that case declines to decide whether failure to sever counts violates a Defendant's Fifth Amendment rights. *Id.* at 989. The D.C. Circuit found that declining to sever counts for trial "prejudiced" and "embarrassed" the defendant in that case. *Id.* at 991. The Court is confident that declining to sever the counts at trial will not result in prejudice or embarrassment to Defendant. As discussed above, evidence of the other counts is likely admissible under GRE 404(b)(2). Therefore, separate trials on all counts would not cure Defendant's concerns regarding prejudice or embarrassment.

Regarding Defendant's argument that failure to sever the counts is a violation of his right against self-incrimination, Defendant fails to cite any legal authority to support this argument. Moreover, the Supreme Court of Montana found that the assertion that the

defendant's privilege against self-incrimination would be violated in a trial on all counts does not prove prejudice. *State v. Kirk*, 266 P.3d 1262, 1267 (2011). Likewise, the First Circuit found that joinder of counts did not violate defendant's right against self-incrimination or deny him a fair trial. *See United States v. Richardson*, 515 F.3d 74, 79–83 (stating that the defendant "failed to make a strong showing of prejudice required to justify severance").

Lastly, the Court is mindful of judicial economy and the burden that severing the counts for trial would create. "In the interest of conserving judicial economy, avoiding duplicitous, time-consuming and expense [sic] trials, conserving public funds, diminishing inconvenience to witnesses and public authorities, and promptly trying those accused of crime, joint trials are favored." *United States v. Gaddis*, 418 F.Supp. 869, 875 (W.D.Okla. 1976). The Court notes Defendant contends that fairness of determining a defendant's guilt or innocence should have priority over judicial economy. Def.'s Mot. at 5. However, the facts of this case are intertwined. The Court finds that risk of prejudice in this case is not so great that it warrants empaneling three separate juries when jury instructions will cure any risk of prejudice.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion to Sever Counts for Trial.

SO ORDERED, this __3__ day of __January__ ~~2021.~~ 2022.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
__AG, APD__

Date: __1/3/22__ Time: __3:45__
Ⓒ
Deputy Clerk, Superior Court of Guam

HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam